UNITED STATES of America,
Plaintiff-Appellee,

v.

Thomas Junior MOTE, Defendant-
Appellant.

No. 72-2004

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1972.

Robert B. Thompson, Gainesville, Ga., for defendant-appellant.

John W. Stokes, U. S. Atty., George H. Connell, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

In this appeal from a conviction by a jury of removing or concealing untaxed liquor in violation of 26 U.S.C. § 5601(a)(12), appellant argues that he was convicted under the wrong statute, in that the evidence established, at most, *possession* of illicit spirits, *see, e. g.*, 26 U.S.C. § 5604(a)(1), but did not prove removal or concealment. In a related claim, he contends that the trial court's instructing the jury on the inference of possession that arises from the unexplained presence of property on premises under a defendant's dominion and control, was improper in this case because it allowed the jury to convict him of removal or concealment upon mere proof of possession. Thirdly, appellant claims that the court's charge erroneously failed to present to the jury his theory of the case: that he did not have dominion and control over the premises in question. Finding no error under the facts and circumstances of this case, we affirm the conviction.

As to appellant's first point, we believe that the Government presented sufficient evidence of removal or concealment to justify a conviction for the offense charged in the indictment. As to his second contention, the record shows that the trial judge defined "removal" and "concealment" for the jury, and charged them that a verdict of guilty in this case would require their finding, not only that the untaxed liquor was dis-

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

covered on premises under appellant's dominion and control, but also that appellant in fact removed or concealed the whiskey. Reading the charge as a whole, therefore, we cannot accept appellant's contention that the jury was authorized to base a conviction for removal or concealment solely upon a finding of possession. Finally, since the jury was required to answer the question whether the premises were under appellant's dominion and control, appellant's third allegation of error finds no support in the record.

Affirmed.